CRICHTON, J.,
concurs.
hi agree with the majority opinion in this matter and write separately to further emphasize the inapplicability of the equitable doctrine of contra non valentem to this case.
The doctrine of contra non valentem is a jurisprudentially created exception to the ordinary operation of liberative prescription and should only be applied by courts in exceptional circumstances. Its applicability is highly limited; in fact, the text of neither the current Louisiana Civil Code nor the Civil Code of 1870 provides for it. Current La. C.C. 3467 reads: “Prescription runs against all persons unless exception is established by legislation.” Comment (d) to this article acknowledges that cases interpreting the predecessor of this article, La. C.C. art. 3621, “in exceptional circumstances .,. resorted to the maxim.” And the comment concludes, “This jurisprudence continues to be relevant.” Thus, the revision of the law of prescription acknowledges ambivalently that the courts may apply the maxim.[1]
laWith these considerations in mind, based on the facts of this case, it is clear the doctrine - should. not be applied to inure to the benefit of the plaintiff.[2] Significantly, Agent Phillips, in my view, relied in good faith on the State of Louisiana database; further, he twice contacted the East Baton Rouge Clerk of Court with a request for the minutes, each time being told they were unavailable. There is no evidence that he engaged' in misrepresentation, fraud, ill practicé or, as plaintiff alleged, coercion. There is evidence, however, that plaintiff had numerous opportunities to rectify the mistake which was, at its core, a misunderstanding based on clerical error.[3] Specifically, between the date in 2008 when plaintiff registered as a sex offender (thereby completing her cause of action in tort) and the year that followed, plaintiff, through counsel of record or as a self-represented party, could have requested judicial intervention and a ruling from the district court which, because, of her status as a state probationer, maintained continuing jurisdiction over the case. Of course, another choice for plaintiff would have been to retain her civil attorney within this prescriptive period to file suit in tort — which she finally accomplished about three years later — on October 7, 2011.
*404 Finally, I write separately to question the court of appeal’s implication of wrongdoing by the agent. To suggest wrongdoing implies that there was an additional duty on the probation agent to research the criminal status, of a probationer beyond the state database and obtain almost decade-old records from lathe Clerk of Court. Notwithstanding that the answer to this question is beyond the prescriptive issue and well into the merits of the tort analysis, the lower courts’ implication that such an additional duty should have been imposed on the probation agent under these circumstances is improper.

. See generally, 24 Dian Tooley-Knoblett & David Ginning, Louisiana Civil Law Treatise § 11:41 (2014).

. In Hogg v. Chevron USA, Inc,, 2009-2632 (La.7/6/10), 45 So.3d 991, we explained that in applying continuing tort theory', "the court must look to the operating 'cause of the injury sued upon and determine whether it is a continuous one giving rise to successive damages, or whether it is discontinuous and terminates, even though the damage persists and may progressively worsen.” Thus, Contrary to the view expressed in the dissenting opinion, I do not find the plaintiff to have been a victim of a continuing tort. Rather, it is my view that plaintiff suffered one injury in 2008, when the State gave her .erroneous information indicating she was required to register as' a sex offender, although the damage arising from this injury may have persisted for some time thereafter.

.Plaintiff stated in her deposition, "[In 2010] that’s when. I went to Baton Rouge to get all my background stuff. And then T brought'it back, and I gave it to my probation officer.” Prevo depo., p. 175: lines 1-4.